UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING JR. FEDERAL BUILDING
50 WALNUT ST., ROOM 5060
NEWARK, NJ 07101
973-645-5903

December 2, 2010

## LETTER ORDER

Re:   No. 08-0515 (SDW)
      **United States v. Anibelca Ramirez – Motion to Remove Restitution**
      **United States v. Jose Fernandez – Motion to Remove Restitution**

Dear Parties:

Before this Court are Jose Fernandez's and Anibelca Ramirez's Motions to Remove Restitution ("Motions"). The Court, having considered the parties' submissions, decides these motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Court **denies** Fernandez's and Ramirez's ("Defendants") respective motions.

## BACKGROUND

Fernandez filed his motion on September 10, 2009, challenging the restitution order rendered at his sentencing hearing. Likewise, Ramirez filed her motion on January 12, 2010. The defendants' Motions were based on three claims: (1) 18 U.S.C.A. § 3664(j)(2) precludes restitution under the "Rule of offset"; (2) double jeopardy precludes defendants from being twice punished for the same offense; and (3) that the Probation Office may not serve as the final authority in setting the amount of restitution.

## DISCUSSION

**18 U.S.C.A. § 3664(j)(2)**

Defendants ask this Court to extinguish the restitution order arguing that as outlined in 18 U.S.C.A. § 3664(j)(2), under the "Rule of offset" the victim is eligible for only one claim for relief against a defendant. Defendants support this argument by citing an order from the Superior Court of New Jersey, Chancery Division, declaring a final money judgment against Defendants and in favor of COSCO Container Lines Americas, Inc. ("COSCO").

Under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C.A. § 3663A, a court is required to order, in addition to or in lieu of another penalty, "that the defendant make restitution to the victim of the offense." 18 U.S.C.A. § 3663A(a)(1). The MVRA applies to "any offense committed by fraud or deceit . . . ." 18 U.S.C.A. § 3663A(c)(1)(A)(ii). Further, the MVRA maintains, "any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in (A) any Federal civil proceedings; and (B) any State civil proceeding, to the extent provided by the law of the State." 18 U.S.C.A. § 3664(j)(2).

The Fifth Circuit has addressed the language of 18 U.S.C.A. § 3664(j)(2), and stated that a victim's recovery in a state civil proceeding does not bar restitution, but instead the defendant has the burden of proving the amount recovered and then may ask the court to reduce the total amount of the restitution. *United States v. Harmon*, 156 Fed. Appx. 674, 676 (5th Cir. 2005) (holding that restitution under the MVRA must be reduced "by any amount the victim received as part of a civil settlement"). Likewise, the District Court for the Eastern District of Pennsylvania, in interpreting the MVRA, stated that "[i]t is logical to place the burden for proving a restitution credit upon the defendant when it is the defendant who seeks to lower the

outstanding restitution balance." *United States v. Sims*, No. 99-CR-00234, 2003 WL 22016771 at *4 (E.D. Pa. June 4, 2003); *see also United States v. Karam*, 201 F.3d 320, 327 (4th Cir. 2000); *United States v. Parsons*, 141 F.3d 386, 393 (1st Cir. 1998); *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998). Moreover, the Court in *Sims* held that "[t]he statute does not direct the court to credit the defendants for the amount the victim is *awarded* in state court." *Sims*, 2003 WL 22016771, at *6 (emphasis in original). "Instead, the statute only allows the court to award a credit for funds *recovered* pursuant to the state court proceeding." *Id.* (emphasis in original).

Defendants incorrectly argue that the victim is precluded from recovery under the MVRA due to an award by the Superior Court of New Jersey, Chancery Division. The judgment rendered by the Chancery Division does not preclude restitution in this case because a civil judgment does not bar restitution; rather, the Court may offset the amount that was actually recovered by the victim. The fact that a criminal defendant is subject to a civil judgment does not foreclose on the defendant's obligation to comply with a restitution order in a criminal case. Therefore, if Defendants seek to reduce the restitution amount, then they have the burden of proving the amount that should be reduced. For these reasons, Defendants' Motions are denied.

**Double Jeopardy**

Defendants also argue that the restitution order and their respective imprisonment constitute multiple punishments, which violate their Fifth Amendment rights against double jeopardy. In *United States v. $184,505.01 in US Currency*, the court noted that the Double Jeopardy Clause protects against "three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." 72 F.3d 1160, 1165 (3d Cir. 1995). The Third Circuit

further clarified that an "issue presented by any double jeopardy claim is whether the proceedings in which punishment has allegedly been imposed were separate proceedings or, alternatively, constituted a single, coordinated proceeding; if the latter is true, the double jeopardy argument fails." *Id.* at 1167 n.13.

Defendants' punishments were set out in the Court's presentence report, and were clearly stated during the colloquy. At the sentencing hearing, Fernandez was sentenced to a term of thirty three months in prison in addition to the restitution order, whereas Ramirez was sentenced to a term of forty months in addition to the restitution order. Defendants' sentencings to both punishments occurred in a single, coordinated proceeding and thus, their argument as to being twice punished for the same crime fails under a double jeopardy analysis.

**Probation Office**

Defendants contend that the Court may not use the Probation Office as a final authority to establish the amount of restitution. In *United States v. Coates*, the Third Circuit affirmed that "[l]ike most other federal appellate courts that have addressed the issue, we have held that the fixing of restitution payments is a judicial act that may not be delegated to a probation officer." 178 F.3d 681, 685 (3d Cir. 1999). The MVRA also states that, "[u]pon determination of the amount of restitution owed to each victim, the court shall, . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C.A. § 3664(f)(2). The procedure for issuance of restitution pursuant to 18 U.S.C.A. § 3664(a) instructs:

> For orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order. The report shall include, to the extent practicable, a complete accounting of the losses to each victim . . . .

In the instant case, the Court did not delegate a judicial duty to the Probation Office. At their sentencing hearings, the Court correctly established a payment schedule for the restitution order. Thus, Defendants fail to demonstrate how the Court erred in establishing the schedule of payments or to prove that the Court delegated a judicial task to the Probation Office.

## CONCLUSION

Fernandez's Motion to Remove Restitution, Document Number 35, and Ramirez's Motion to Remove Restitution, Document Number 41, are **DENIED**.

s/Susan D. Wigenton, U.S.D.J.

Orig:     Clerk
CC:       Parties